```
                                          F I L E D
                                   CLERK, U.S. DISTRICT COURT

                                         2/28/2024

                                   CENTRAL DISTRICT OF CALIFORNIA
                                   BY: _____ TV _____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>JORGE RIVERA,<br>　aka "El Nino,"<br>　aka "George Rivera,"<br>SHARON DIAZ,<br>　aka "Flaca,"<br>　aka "Sharon Michelle Welker,"<br>JESSE TORRES,<br>　aka "Cholo," and<br>JESUS ESQUIVIAS,<br>　aka "Boo Boo,"<br><br>　　　　　Defendants. | CR No. 2:24-cr-00130-ODW<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute Fentanyl and Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(viii); Distribution of Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Fentanyl; 18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 18 U.S.C. § 933(a)(1): Trafficking in Firearms; 21 U.S.C. § 853, 18 U.S.C. § 924; 28 U.S.C. § 2461(c), 18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 934: Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A.   OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, but starting no later than July 13, 2023, and continuing until at least on or about September 26, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants JORGE RIVERA, also known as ("aka") "El Nino," aka "George Rivera," SHARON DIAZ, aka "Flaca," aka "Sharon Michelle Welker," JESSE TORRES, aka "Cholo," and JESUS ESQUIVIAS, aka "Boo Boo," conspired with each other and others known and unknown to the Grand Jury, to commit offenses against the United States, namely: (1) to knowingly and intentionally distribute at least 40 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi); and (2) to knowingly and intentionally distribute at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii).

B.   MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished, in substance, as follows:

1.   Defendant RIVERA would offer to sell and broker sales of fentanyl and methamphetamine to customers and would coordinate the date, time, and locations of the drug sales.

2.   Defendants DIAZ, TORRES, and ESQUIVIAS would supply the fentanyl or methamphetamine for the sales defendant RIVERA brokered.

3.   Defendants RIVERA, DIAZ, TORRES, and ESQUIVIAS would sell the drugs to the customer.

C.   OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its objects, defendants RIVERA, DIAZ, TORRES, and ESQUIVIAS, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

**July 13, 2023: Defendant RIVERA Offers To Sell Methamphetamine**

Overt Act No. 1:   On July 13, 2023, at an illegal casino in Chatsworth, California, defendant RIVERA exchanged telephone numbers with someone he believed was a drug customer seeking to buy methamphetamine, but who was actually a Confidential Informant working with law enforcement.

Overt Act No. 2:   On July 13, 2023, using coded language, defendant RIVERA told the Confidential Informant he could obtain methamphetamine to sell because his cousin, or "prima," that is, defendant DIAZ, "slangs that shit."

**August 10, 2023: Defendants RIVERA and DIAZ Sell Approximately 83 Grams of Methamphetamine**

Overt Act No. 3:   On August 9, 2023, in a telephone call using coded language, defendant RIVERA discussed with the Confidential Informant a future sale of methamphetamine and informed the Confidential Informant that each ounce of methamphetamine would cost

$120, but that defendant RIVERA would need to confirm the price with his cousin.

Overt Act No. 4:   On August 10, 2023, defendants RIVERA and DIAZ transported approximately 83 grams of methamphetamine to a Taco Bell parking lot in Van Nuys, California.

Overt Act No. 5:   On August 10, 2023, at a Taco Bell parking lot in Van Nuys, California, defendant DIAZ handed defendant RIVERA a brown bag, inside of which were three clear plastic baggies containing a total of approximately 83 grams of methamphetamine, which defendant RIVERA then delivered to the Confidential Informant in exchange for $360.

**August 24, 2023: Defendants RIVERA, DIAZ, and TORRES Sell Approximately 82.91 Grams of Methamphetamine**

Overt Act No. 6:   On August 16, 2023, defendant RIVERA, using coded language, told the Confidential Informant that the source of the drugs for the prior August 10, 2023 deal was defendant DIAZ and that defendant DIAZ could supply fentanyl, heroin, and methamphetamine.

Overt Act No. 7:   On August 17, 2023, in a telephone call using coded language, defendant RIVERA told the Confidential Informant that he needed to contact his "prima" -- a reference to defendant DIAZ -- about providing drugs for sale.

Overt Act No. 8:   On August 17, 2023, in a telephone call using coded language, defendant RIVERA discussed obtaining a quarter pound of methamphetamine and a sample of fentanyl from defendant DIAZ to sell to the Confidential Informant.

Overt Act No. 9:   On August 23, 2023, in a telephone call using coded language, defendant RIVERA confirmed with the

1   Confidential Informant that the sale of a quarter pound of

2   methamphetamine would take place the following day.

3        Overt Act No. 10:   On August 24, 2023, in a telephone call

4   using coded language, defendant RIVERA told the Confidential

5   Informant that he had spoken with defendant DIAZ and confirmed the

6   drug transaction would take place at the same location as the

7   previous drug transaction.

8        Overt Act No. 11:   On August 24, 2023, defendant RIVERA told

9   the Confidential Informant that he did not want to be financially cut

10  out of the drug transaction defendant RIVERA had brokered between the

11  Confidential Informant and defendant DIAZ.

12       Overt Act No. 12:   On August 24, 2023, defendants DIAZ and

13  TORRES transported approximately 82.91 grams of methamphetamine to a

14  Ralphs grocery store in Chatsworth, California, where they met with

15  defendant RIVERA to deliver the methamphetamine for sale to the

16  Confidential Informant.

17       Overt Act No. 13:   On August 24, 2023, after meeting with

18  defendants TORRES and DIAZ inside of the Ralphs grocery store in

19  Chatsworth, California, defendant RIVERA delivered approximately

20  82.91 grams of methamphetamine packaged in three plastic baggies to

21  the Confidential Informant in exchange for $460, of which $100 was to

22  go to defendant RIVERA for brokering the drug transaction.

23  **August 29, 2023: Defendants RIVERA, DIAZ, and TORRES Sell**

24  **Approximately 381 Grams of Methamphetamine and 23 Grams of Fentanyl**

25       Overt Act No. 14:   On August 28, 2023, in a telephone call

26  using coded language, defendant RIVERA told the Confidential

27  Informant that the price for a pound of methamphetamine was $1,300

28  and that defendant RIVERA had it "right now if you want it."

<u>Overt Act No. 15:</u>   On August 28, 2023, in a telephone call using coded language, defendant RIVERA asked the Confidential Informant if the Confidential Informant still wanted to purchase an ounce of fentanyl.

<u>Overt Act No. 16:</u>   On August 29, 2023, in a text message using coded language, defendant RIVERA discussed the price of an ounce of fentanyl being $600.

<u>Overt Act No. 17:</u>   On August 29, 2023, after confirming that the Confidential Informant wanted to purchase fentanyl that day, defendant RIVERA, in a telephone call, told Confidential Informant to meet him at a house on Jordan Avenue in Chatsworth, California (the "Jordan Residence"), which defendant RIVERA later told the Confidential Informant had previously been a "trap house."

<u>Overt Act No. 18:</u>   On August 29, 2023, defendants RIVERA, DIAZ, and TORRES met with the Confidential Informant at the Jordan Residence to conduct drug sales.

<u>Overt Act No. 19:</u>   On August 29, 2023, in a conversation at the Jordan Residence using coded language, defendant DIAZ asked the Confidential Informant if the Confidential Informant wanted fentanyl.

<u>Overt Act No. 20:</u>   On August 29, 2023, at the Jordan Residence, defendant DIAZ handed the Confidential Informant a vacuum-sealed bag containing approximately 381 grams of methamphetamine in exchange for $1,300.

<u>Overt Act No. 21:</u>   On August 29, 2023, at the Jordan Residence, defendant DIAZ asked defendant RIVERA for a hammer, used that hammer to break into smaller pieces a larger brick of fentanyl, and handed the Confidential Informant a plastic baggie containing approximately 23.3 grams of a powder containing fentanyl in exchange for $600.

<u>Overt Act No. 22:</u>   On August 29, 2023, at the Jordan Residence, defendant RIVERA accepted $100 from the Confidential Informant for brokering the methamphetamine and fentanyl sales.

**September 14, 2023: Defendants RIVERA and ESQUIVIAS Sell**
**Approximately 27.01 Grams of Methamphetamine**

<u>Overt Act No. 23:</u>   On September 14, 2023, using coded language at an in-person meeting at a residence on Atoll Avenue in Van Nuys, California (the "Atoll Residence"), defendant RIVERA introduced defendant ESQUIVIAS to the Confidential Informant as someone who was "a bit connected" and who had two kinds of methamphetamine: "he has pink and he has some white."

<u>Overt Act No. 24:</u>   On September 14, 2023, using coded language at an in-person meeting at the Atoll Residence, defendant ESQUIVIAS told the Confidential Informant that he did not know the current price for four ounces of methamphetamine because the "prices went higher."

<u>Overt Act No. 25:</u>   On September 14, 2023, defendant ESQUIVIAS sold the Confidential Informant approximately 27.01 grams of methamphetamine, contained in a plastic baggie, for $130.

<u>Overt Act No. 26:</u>   On September 14, 2023, defendant RIVERA accepted $40 from the Confidential Informant for brokering the methamphetamine sale on behalf of defendant ESQUIVIAS.

**September 26, 2023: Defendants RIVERA and TORRES Sell Approximately**
**36.84 Grams of Fentanyl**

<u>Overt Act No. 27:</u>   On September 26, 2023, in text messages using coded language, defendant RIVERA asked if the Confidential Informant wanted to purchase fentanyl for the same price as the last time, that is, $600.

1       <u>Overt Act No. 28:</u>   On September 26, 2023, defendants RIVERA and
2   TORRES met with the Confidential Informant at the Atoll Residence,
3   where defendant TORRES gave the Confidential Informant two clear
4   plastic baggies containing approximately 36.84 grams of powder
5   containing fentanyl, along with a firearm, for which the Confidential
6   Informant paid defendant RIVERA a total of $1,900 plus a $100 fee for
7   brokering the fentanyl and firearms sales.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS RIVERA AND DIAZ]

On or about August 10, 2023, in Los Angeles County, within the Central District of California, defendants JORGE RIVERA, also known as ("aka") "El Nino," aka "George Rivera," and SHARON DIAZ, aka "Flaca," aka "Sharon Michelle Welker," each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 83 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS RIVERA, DIAZ, AND TORRES]

On or about August 24, 2023, in Los Angeles County, within the Central District of California, defendants JORGE RIVERA, also known as ("aka") "El Nino," aka "George Rivera," SHARON DIAZ, aka "Flaca," aka "Sharon Michelle Welker," and JESSE TORRES, aka "Cholo," each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 82.91 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS RIVERA, DIAZ, AND TORRES]

On or about August 29, 2023, in Los Angeles County, within the Central District of California, defendants JORGE RIVERA, also known as ("aka") "El Nino," aka "George Rivera," SHARON DIAZ, aka "Flaca," aka "Sharon Michelle Welker," and JESSE TORRES, aka "Cholo," each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 381 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[DEFENDANTS RIVERA, DIAZ, AND TORRES]

On or about August 29, 2023, in Los Angeles County, within the Central District of California, defendants JORGE RIVERA, also known as ("aka") "El Nino," aka "George Rivera," SHARON DIAZ, aka "Flaca," aka "Sharon Michelle Welker," and JESSE TORRES, aka "Cholo," each aiding and abetting the other, knowingly and intentionally distributed fentanyl, a Schedule II narcotic drug controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS RIVERA AND ESQUIVIAS]

On or about September 14, 2023, in Los Angeles County, within the Central District of California, defendants JORGE RIVERA, also known as ("aka") "El Nino," aka "George Rivera," and JESUS ESQUIVIAS, aka "Boo Boo," each aiding and abetting the other, knowingly and intentionally distributed at least five grams, that is, approximately 27.01 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SEVEN

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[DEFENDANTS RIVERA AND TORRES]

On or about September 26, 2023, in Los Angeles County, within the Central District of California, defendants JORGE RIVERA, also known as ("aka") "El Nino," aka "George Rivera," and JESSE TORRES, aka "Cholo," each aiding and abetting the other, knowingly and intentionally distributed fentanyl, a Schedule II narcotic drug controlled substance.

COUNT EIGHT

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT ESQUIVIAS]

On or about October 17, 2023, in Los Angeles County, within the Central District of California, defendant JESUS ESQUIVIAS, also known as "Boo Boo," knowingly and intentionally distributed at least 50 grams, that is, approximately 103.8 grams, of methamphetamine, a Schedule II controlled substance.

COUNT NINE

[18 U.S.C. § 371]

[DEFENDANTS RIVERA AND TORRES]

A.   INTRODUCTORY ALLEGATION

At times relevant to this Indictment, defendants JORGE RIVERA, also known as ("aka") "El Nino," aka "George Rivera," and JESSE TORRES, aka "Cholo," and Sharon Diaz, did not have a federal firearms license issued by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and thus were not licensed to import, manufacture, or deal in firearms.

B.   OBJECT OF THE CONSPIRACY

Beginning on an unknown date, but no later than on or about August 10, 2023, and continuing until at least on or about November 9, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants RIVERA and TORRES conspired with others known and unknown to the Grand Jury to engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

C.   MANNER AND MEANS OF THE CONSPIRACY

The object of the conspiracy was to be accomplished, in substance, as follows:

1.   Defendant RIVERA would offer to sell firearms to customers and would coordinate the date, time, and locations of the firearms sales.

2.   Defendant TORRES and other co-conspirators would supply defendant RIVERA with firearms for the firearms sales.

3.   Defendants RIVERA and TORRES and other co-conspirators would sell firearms to customers.

16

D.   <u>OVERT ACTS</u>

On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants RIVERA and TORRES, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

**<u>August 16, 2023: Defendants RIVERA and TORRES Sell A Privately Manufactured Rifle (Ghost Gun) With Ammunition</u>**

<u>Overt Act No. 1:</u>   On August 10, 2023, in a telephone call using coded language, defendant RIVERA told an individual who he believed to be a firearms customer, but who was actually a Confidential Informant working with law enforcement, that defendant RIVERA could supply a firearm, specifically, "an AR, with a scope" for $1,200.

<u>Overt Act No. 2:</u>   On August 16, 2023, in a telephone call using coded language, defendant RIVERA told the Confidential Informant that defendant RIVERA's firearms source had firearms of various calibers available, including "22, 25, 38, and a 9."

<u>Overt Act No. 3:</u>   On August 16, 2023, in a telephone call using coded language, defendant RIVERA told the Confidential Informant that his firearms source wanted $1,300 for an "AR" firearm which would come with 30 rounds of ammunition and a scope.

<u>Overt Act No. 4:</u>   On August 16, 2023, in a telephone call, defendant RIVERA told the Confidential Informant to meet at a Walgreens in Chatsworth, California, and shortly thereafter, defendant RIVERA met the Confidential Informant in the Walgreens parking lot after arriving in a car driven by defendant TORRES.

<u>Overt Act No. 5:</u>   On August 16, 2023, defendant RIVERA got into the Confidential Informant's car at the Walgreens parking lot and told the Confidential Informant to follow defendant TORRES's car.

<u>Overt Act No. 6:</u>   On August 16, 2023, defendant TORRES drove to a residence on Burnet Avenue, in North Hills, California (the "Burnet Residence"), followed by the Confidential Informant and defendant RIVERA, to conduct the gun transaction.

<u>Overt Act No. 7:</u>   On August 16, 2023, while traveling in the Confidential Informant's car from the Walgreens parking lot to the Burnet Residence, defendant RIVERA, using coded language, told the Confidential Informant that his source had a "hook up" for firearms.

<u>Overt Act No. 8:</u>   On August 16, 2023, while traveling in the Confidential Informant's car from the Walgreens parking lot to the Burnet Residence, defendant RIVERA, using coded language, told the Confidential Informant that he needed to receive his fee for brokering firearms transactions because defendant RIVERA "ain't doing no felonies for free."

<u>Overt Act No. 9:</u>   On August 16, 2023, at the Burnet Residence, defendant RIVERA conferred with defendant TORRES; defendant RIVERA then met with an unidentified co-conspirator, who gave the Confidential Informant a privately manufactured .223 caliber rifle with no serial number, and 23 rounds of .223 caliber ammunition, for which the Confidential Informant later paid defendant RIVERA $1,300.

<u>Overt Act No. 10:</u>   On August 16, 2023, using coded language in a conversation at the Burnet Residence, defendant TORRES told the Confidential Informant that he would let the Confidential Informant know if defendant TORRES was able to obtain more firearms for sale.

**September 26, 2023: Defendants RIVERA and TORRES Sell A Rifle**

Overt Act No. 11:  On September 22, 2023, in a text message, defendant RIVERA sent the Confidential Informant a photograph of a rifle with a wooden stock and, in a later text message, defendant RIVERA informed the Confidential Informant that the seller wanted $1,000 for the rifle.



Overt Act No. 12:  On September 25, 2023, defendant RIVERA sent a text message to the Confidential Informant to set up a firearms sale for the next day.

Overt Act No. 13:  On September 26, 2023, defendant RIVERA directed the Confidential Informant via text message to meet him at a residence on Atoll Avenue in Van Nuys, California (the "Atoll Residence").

Overt Act No. 14:  On September 26, 2023, defendant TORRES met with defendant RIVERA and the Confidential Informant at the Atoll Residence and sold the Confidential Informant a firearm, specifically, a Romarm/Cugir Model PAR-3, 5.56 x 45mm caliber rifle, bearing serial number P3-01151-02, with a magazine.

19

1    <u>Overt Act No. 15:</u>   On September 26, 2023, defendant RIVERA
2  accepted $1,900 from the Confidential Informant for the rifle as well
3  as approximately 36.54 grams of fentanyl that defendants RIVERA and
4  TORRES sold to the Confidential Informant, along with a $100 fee for
5  brokering the firearm and drug transactions.

6  **September 29, 2023: Defendants RIVERA and TORRES Sell Two Rifles Plus**
7  **Ammunition**

8    <u>Overt Act No. 16:</u>   On September 28, 2023, in a telephone call
9  using coded language, defendant RIVERA told the Confidential
10  Informant that he had two additional firearms for sale, including an
11  "AR and a MAC 10."

12   <u>Overt Act No. 17:</u>   On September 28, 2023, in a telephone call
13  using coded language, defendant RIVERA told the Confidential
14  Informant that the source of the guns wanted $3,600 for both
15  firearms, and defendant RIVERA subsequently sent the Confidential
16  Informant via text message a photograph of two firearms.



25   <u>Overt Act No. 18:</u>   On September 28, 2023, in a text message
26  using coded language, defendant RIVERA told the Confidential
27  Informant that the firearms supplier wanted to do the deal that day.

28

<u>Overt Act No. 19:</u>   On September 29, 2023, defendant RIVERA and defendant TORRES met with the Confidential Informant at the Atoll Residence, where defendant TORRES unzipped a bag and displayed a Springfield Armory, Model M1A SOCOM 16, .308/7.62x39mm caliber rifle, bearing serial number 213370, commented that it was "that tactical shit," and gave the gun, a 30-round magazine, and 20 live rounds of .308 caliber ammunition to the Confidential Informant.

<u>Overt Act No. 20:</u>   On September 29, 2023, at the Atoll Residence, defendant TORRES gave the Confidential Informant a Bushmaster, model XM15-E2S, .223/5.56 caliber rifle, bearing serial number L152164, as well as a 100-round, drum rifle magazine, and 29 rounds of 5.56 x 45mm caliber ammunition.

<u>Overt Act No. 21:</u>   On September 29, 2023, defendant TORRES accepted $3,600 from the Confidential Informant in exchange for the two firearms, and defendant RIVERA accepted $100 from the Confidential Informant for brokering the deal.

///

///

**October 23, 2023: Defendant RIVERA Sells a Rifle, and Defendant RIVERA and Diaz Sell a Rifle Provided by Defendant TORRES**

Overt Act No. 22:   On October 14, 2023, in text messages, defendant RIVERA told the Confidential Informant that he "got an AR I'll just shoot you a FOTO once the homie sends it" and sent the Confidential Informant a photograph of a firearm.



Overt Act No. 23:   On October 15, 2023, in a text message using coded language, defendant RIVERA told the Confidential Informant that the firearm for sale was "fully auto," that is, fully automatic, and that the cost was $3,200.

Overt Act No. 24:   On October 16, 2023, after defendant RIVERA had set up a deal to sell the firearm to the Confidential Informant, defendant RIVERA told the Confidential Informant in a telephone call

that his source, defendant TORRES, was not reachable, and that he feared that defendant TORRES might have "got busted last night."

Overt Act No. 25:   On October 19, 2023, in a text message, defendant RIVERA sent the Confidential Informant a photograph of a revolver for sale, and texted, "I got a thirty-eight special," and that the source wanted "nine hundred" for it.

Overt Act No. 26:   On October 20, 2023, in a telephone call, defendant RIVERA told the Confidential Informant that defendant TORRES had been arrested, but was not arrested with the gun that the Confidential Informant wanted to purchase: "He got busted fool, but he didn't get busted with that strap you wanted."

Overt Act No. 27:   On October 20, 2023, in a text message using coded language, defendant RIVERA told the Confidential Informant that Diaz now had the firearm that defendant TORRES had offered for sale.

Overt Act No. 28:   On October 21, 2023, defendant RIVERA sent the Confidential Informant text messages with two photographs of an additional firearm, which appeared to be a rifle on a table.

Overt Act No. 29:   On October 21, 2023, in a telephone call, defendant RIVERA told the Confidential Informant that the firearm he had sent photographs of "folds," was a "nine-millimeter," and "it has a fucking clip to it and everything."

///

///



Overt Act No. 30:   On October 22, 2023, in text messages using coded language, defendant RIVERA told the Confidential Informant that the price of one firearm was $2,000 and the price of another firearm was $3,200 and, after the Confidential Informant confirmed the transaction, defendant RIVERA directed the Confidential Informant to the Jordan Residence -- where defendants RIVERA and TORRES and Diaz had previously engaged in narcotics transactions, as discussed in Count One of this Indictment -- to complete the firearms transaction.

Overt Act No. 31:   On October 23, 2023, defendant RIVERA met with the Confidential Informant at the Jordan Residence and sold the Confidential Informant a folded firearm, specifically, a Kel Tec CNC Inc. Sub-2000 9mm caliber rifle, bearing serial number FGB108, with one magazine, which was a stolen firearm, for $2,000, plus a $100 fee for brokering the deal.

Overt Act No. 32:   On October 23, 2023, defendant RIVERA and Diaz met with the Confidential Informant at Diaz's apartment on

24

Laurel Canyon Boulevard, in San Fernando, California to sell firearms to the Confidential Informant.

Overt Act No. 33:   On October 23, 2023, defendant RIVERA and Diaz sold the Confidential Informant a privately-manufactured 5.56mm caliber rifle suspected machine gun with an auto sear, which was a device designed and intended, solely and exclusively, for use in converting a weapon into a machine gun, plus a magazine containing 35 assorted rounds of live ammunition, for $3,200.

Overt Act No. 34:   On October 23, 2023, Diaz told the Confidential Informant that she would soon be getting another gun, which would be a fully automatic gun.

**October 30, 2023: Defendant RIVERA Sells Two Loaded Ghost Guns and Diaz Sells a Ghost Gun with 78 Rounds of Ammunition**

Overt Act No. 35:   On October 26, 2023, in multiple text messages, defendant RIVERA sent the Confidential Informant photographs of two revolvers, and said, "This [sic] a 38 . . . and this one's a 32 the dude wants 18 hundred for the both of these we can meet up tomorrow after 5 pm."

Overt Act No. 36:   On October 26, 2023, in a text message using coded language, defendant RIVERA told the Confidential Informant that the firearm that Diaz discussed at their previous deal was not yet ready.

Overt Act No. 37:   On October 27, 2023, in multiple text messages, defendant RIVERA sent the Confidential Informant a photograph of a pistol, referring to it as a "ghost gun," and a photograph of a black rifle with a pink lower receiver, referring to it as an "m4," and told the Confidential Informant that the seller wanted $3,500 for both firearms.

1    Overt Act No. 38:   On October 27, 2023, in a telephone

2    call/text message using coded language, defendant RIVERA told the

3    Confidential Informant that Diaz wanted to meet that day to sell a

4    firearm to the Confidential Informant, for which defendant RIVERA

5    later said Diaz wanted $3,200.

6    Overt Act No. 39:   On October 30, 2023, defendant RIVERA met

7    with the Confidential Informant at the Jordan Residence and sold a

8    privately-manufactured .300 AAC blackout rifle, bearing no serial

9    number, which had a magazine that contained 30 rounds of assorted

10   5.56x45mm caliber ammunition loaded inside, and a privately-

11   manufactured Polymer 80, model PF940C, 9mm Luger pistol, bearing no

12   serial number, which had a magazine that had 10 rounds of assorted

13   9mm caliber ammunition inside, in exchange for $3,500.

14   Overt Act No. 40:   On October 30, 2023, Diaz met with the

15   Confidential Informant at her apartment and sold a privately-

16   manufactured gun, specifically, a .223 caliber rifle with no serial

17   number, and 78 rounds of assorted 5.56/.223 caliber ammunition, for

18   $3,200.

19   **November 9, 2023: Defendant RIVERA Sells Two Firearms**

20   Overt Act No. 41:   On November 6, 2023, in a text message using

21   coded language, defendant RIVERA told the Confidential Informant that

22   he could arrange the sale of two additional firearms.

23   Overt Act No. 42:   On November 7, 2023, in a text message using

24   coded language, defendant RIVERA told the Confidential Informant that

25   the firearms source wanted $2,700 for both firearms, and that one was

26   a "32," and another one was a "22 Ruger," but later told the

27   Confidential Informant that he was able to negotiate the total price

28   for both firearms down to $2,000.

<u>Overt Act No. 43:</u>   On November 9, 2023, defendant RIVERA met with the Confidential Informant at the Atoll Residence and sold a Kimel Industries, Model 5000 .32 S&W caliber revolver with an obliterated serial number, a Sturm, Ruger & Co., Model Mark II Target, .22 caliber rifle, bearing serial number 215-90676, and a magazine loaded with 3 rounds of .22 Long Rifle caliber ammunition, for $2,000, plus $100 for brokering the deal.

COUNT TEN

[18 U.S.C. §§ 922(a)(1)(A), 2(a)]

[DEFENDANTS RIVERA AND TORRES]

Beginning on an unknown date, but no later than August 10, 2023, and continuing to at least November 9, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants JORGE RIVERA, also known as ("aka") "El Nino," aka "George Rivera," and JESSE TORRES, aka "Cholo," each aiding and abetting the other, not being licensed importers, manufacturers, or dealers of firearms, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, on or about the following dates:

| DATE | DEFENDANT(S) | FIREARM(S) |
|------|--------------|------------|
| August 16, 2023 | RIVERA, TORRES | a privately manufactured, .223 caliber rifle, bearing no serial number (commonly referred to as a "ghost gun") |
| September 26, 2023 | RIVERA, TORRES | a ROMARM SA-CUGIR, model PAR-3, 5.56x45mm caliber rifle, bearing serial number P3-01151-02 |
| September 29, 2023 | RIVERA, TORRES | (1) a Springfield Armory, Model M1A SOCOM 16, .308/7.62x39mm caliber rifle, bearing serial number 213370; and (2) a Bushmaster, model XM15-E2S, .223/5.56 caliber rifle, bearing serial number L152164 |
| October 23, 2023 | RIVERA | A Kel Tec CNC Inc., model Sub-200, 9mm Luger caliber rifle, bearing serial number FGB108 |
| October 23, 2023 | RIVERA, TORRES | a privately manufactured, 2.23 caliber rifle machine gun, bearing no serial number, with an auto sear |

| DATE | DEFENDANT(S) | FIREARM(S) |
|------|--------------|------------|
| October 30, 2023 | RIVERA | (1) a privately manufactured, .300 AAC blackout rifle, bearing no serial number; and<br><br>(2) a privately manufactured Polymer 80, Inc., model PF940C, 9mm Luger pistol, bearing no serial number |
| October 30, 2023 | RIVERA | a privately manufactured, .223 caliber rifle, bearing no serial number |
| November 9, 2023 | RIVERA | (1) a Kimel Industries, Model 5000, .32 S&W caliber revolver, with obliterated serial number; and<br><br>(2) a Sturm, Ruger & Co., Model Mark II Target, .22 Long Rifle caliber pistol, bearing serial number 215-90676 |

COUNTS ELEVEN THROUGH EIGHTEEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANTS RIVERA, TORRES, AND DIAZ]

On or about the following dates, in Los Angeles County, within the Central District of California, defendants JORGE RIVERA, also known as ("aka") "El Nino," aka "George Rivera," SHARON DIAZ, aka "Flaca," aka "Sharon Michelle Welker," and JESSE TORRES, aka "Cholo," knowingly possessed the following firearms and ammunition, each in and affecting interstate and foreign commerce:

| COUNT | DEFENDANT(S) | DATE | FIREARM(S) AND/OR AMMUNITION |
|---|---|---|---|
| ELEVEN | RIVERA, TORRES | August 16, 2023 | (1) 21 rounds of Poonsan Metal Corporation .223 caliber ammunition; and<br><br>(2) 2 rounds of Lake City Army Ammunition Plant .223 caliber ammunition |
| TWELVE | RIVERA, TORRES | September 26, 2023 | a ROMARM SA-CUGIR, model PAR-3, 5.56x45mm caliber rifle, bearing serial number P3-01151-02 |
| THIRTEEN | RIVERA, TORRES | September 29, 2023 | (1) a Bushmaster, model XM15-E2S, .223/5.56 caliber rifle, bearing serial number L152164;<br><br>(2) a Springfield Armory, Model M1A SOCOM 16, .308/7.62x39mm caliber rifle, bearing serial number 213370;<br><br>(3) 25 rounds of Lake City Army Ammunition Plant 5.56x45mm caliber ammunition;<br><br>(4) 4 rounds of Arms Corporation of the Philippines (Armscor) 5.56x45mm caliber ammunition; and<br><br>(5) 20 rounds of Federal Cartridge Company .308 caliber ammunition |
| FOURTEEN | RIVERA | October 23, 2023 | a Kel Tec CNC Inc., model Sub-2000, 9mm Luger caliber rifle, bearing serial number FGB108 |

| COUNT | DEFENDANT(S) | DATE | FIREARM(S) AND/OR AMMUNITION |
|---|---|---|---|
| FIFTEEN | RIVERA, DIAZ | October 23, 2023 | (1) 34 rounds of Pindad 5.56mm caliber ammunition; and<br><br>(2) 1 round of Federal Cartridge Company .300 AAC Blackout caliber ammunition |
| SIXTEEN | RIVERA | October 30, 2023 | (1) ammunition that was loaded inside of a ghost gun, specifically, a Polymer80, model PF940C, 9mm Luger pistol with no serial number, containing (a) 6 rounds of Remington 9mm Luger caliber ammunition, (b) 3 rounds of Federal Cartridge Company 9mm Luger caliber ammunition, and (c) 1 round of Winchester 9mm Luger caliber ammunition;<br><br>(2) 29 rounds of Lake City Army Ammunition Plant 5.56x45mm caliber ammunition; and<br><br>(3) 1 round of Armscor 5.56x45mm caliber ammunition |
| SEVENTEEN | DIAZ | October 30, 2023 | (1) 46 rounds of Prvi Partizan .223 caliber ammunition;<br><br>(2) 4 rounds of Winchester .223 caliber ammunition;<br><br>(3) 2 rounds of Companhia Brasileira de Cartuchos SA .223 caliber ammunition;<br><br>(4) 13 rounds of Federal Cartridge Company .223 caliber ammunition;<br><br>(5) 1 round of RUAG Ammotec .223 caliber ammunition;<br><br>(6) 1 round of Lake City Army Ammunition Plant .223 caliber ammunition;<br><br>(7) 1 round of Remington .223 caliber ammunition;<br><br>(8) 1 round of Hornady .223 caliber ammunition; and<br><br>(9) 5 rounds of Poongsan Metal Corporation .223 caliber ammunition |

| COUNT | DEFENDANT(S) | DATE | FIREARM(S) AND/OR AMMUNITION |
|---|---|---|---|
| EIGHTEEN | RIVERA | November 9, 2023 | (1) a Kimel Industries, Model 5000, .32 S&W caliber revolver, with an obliterated serial number; (2) a Sturm, Ruger & Co., Model Mark II Target, .22 Long Rifle caliber pistol, bearing serial number 215-90676; and (3) 3 rounds of Federal Cartridge Company .22 Long Rifle caliber ammunition |

Defendant RIVERA possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.   Discharge of Firearm with Gross Negligence, in violation of California Penal Code Section 246.3, in the Superior Court of the State of California, County of Los Angeles, Case Number PA006928, on or about August 31, 1992;

2.   Robbery, in violation of California Penal Code Section 212.5(b), in the Superior Court of the State of California, County of Kern, Case Number SC057197A, on or about May 31, 1994;

3.   Obstructing/Resisting an Officer, in violation of California Penal Code Section 69, in the Superior Court of the State of California, County of Kern, Case Number SC057197A, on or about May 31, 1994;

4.   Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Los Angeles, Case Number PA035351, on or about May 23, 2000;

5.      Petty Theft with Priors, in violation of California Penal Code Section 666, in the Superior Court of the State of California, County of Los Angeles, Case Number PA035351, on or about May 23, 2000; and

6.      Burglary, in violation of California Penal Code Section 459, in the Superior Court of the State of California, County of Los Angeles, Case Number LA042075, on or about April 25, 2003.

Defendant DIAZ possessed such firearms and ammunition knowing that she had previously been convicted of at least one of the following felony crimes, punishable by a term of imprisonment exceeding one year:

1.      Possession of a Controlled Substance for Sale, in violation of California Penal Code Section 11378, in the Superior Court of the State of California, County of Los Angeles, Case Number PA054677, on or about May 1, 2006;

2.      Home Invasion Robbery, in violation of California Penal Code Section 211, in the Superior Court of the State of California, County of Los Angeles, Case Number PA064720, on or about February 5, 2010; and

3.      Possession of a Narcotic Substance for Sale, in violation of California Penal Code Section 11351, in the Superior Court of the State of California, County of Los Angeles, Case Number PA064720, on or about February 5, 2010.

Defendant TORRES possessed such firearms and ammunition knowing that he had previously been convicted of a felony crime, punishable by a term of imprisonment exceeding one year, namely, Assault with Firearm on Person, in violation of California Penal Code Section

245(a)(2), in the Superior Court of the State of California, County
of Los Angeles, Case Number PA094260, on or about May 24, 2021.

COUNT NINETEEN

[18 U.S.C. § 933(a)(1)]

[DEFENDANT RIVERA]

On or about November 9, 2023, in Los Angeles County, within the Central District of California, defendant JORGE RIVERA, also known as ("aka") "El Nino," aka "George Rivera," transported, transferred, caused to be transported, and otherwise disposed of, firearms, namely, a Kimel Industries, Model 5000, .32 S&W caliber revolver, with an obliterated serial number, and a Sturm, Ruger & Co., Model Mark II Target, .22 Long Rifle caliber pistol, bearing serial number 215-90676, in and affecting interstate commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of the firearms by the recipient would constitute a felony.

1                    FORFEITURE ALLEGATION ONE

2         [21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

3         1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4    Procedure, notice is hereby given that the United States of America

5    will seek forfeiture as part of any sentence, pursuant to Title 21,

6    United States Code, Section 853, Title 18, United States Code,

7    Section 924, and Title 28, United States Code, Section 2461(c), in

8    the event of any defendant's conviction of the offenses set forth in

9    Counts One through Eight of this Indictment.

10        2.    Any defendant so convicted shall forfeit to the United

11   States of America the following:

12             (a)   All right, title and interest in any and all property,

13   real or personal, constituting or derived from, any proceeds which

14   the defendant obtained, directly or indirectly, from any such

15   offense;

16             (b)   All right, title and interest in any and all property,

17   real or personal, used, or intended to be used, in any manner or

18   part, to commit, or to facilitate the commission of any such offense;

19             (c)   All right, title, and interest in any firearm or

20   ammunition involved in or used in any such offense; and

21             (d)   To the extent such property is not available for

22   forfeiture, a sum of money equal to the total value of the property

23   described in subparagraphs (a), (b), and (c).

24        3.    Pursuant to Title 21, United States Code, Section 853(p),

25   any defendant so convicted, shall forfeit substitute property if, by

26   any act or omission of said defendant, the property described in the

27   preceding paragraph, or any portion thereof: (a) cannot be located

28   upon the exercise of due diligence; (b) has been transferred, sold

                                   36

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1

FORFEITURE ALLEGATION TWO

2

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

3    1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4  Procedure, notice is hereby given that the United States of America

5  will seek forfeiture as part of any sentence, pursuant to Title 18,

6  United States Code, Section 981(a)(1)(C) and Title 28, United States

7  Code, Section 2461(c), in the event of any defendant's conviction of

8  the offense set forth Count Nine of this Indictment.

9    2.    Any defendant so convicted shall forfeit to the United

10 States of America the following:

11         (a)    all right, title, and interest in any and all

12 property, real or personal, constituting, or derived from, any

13 proceeds traceable to the offense; and

14         (b)    To the extent such property is not available for

15 forfeiture, a sum of money equal to the total value of the property

16 described in subparagraph (a).

17   3.    Pursuant to Title 21, United States Code, Section 853(p),

18 as incorporated by Title 28, United States Code, Section 2461(c), any

19 defendant so convicted shall forfeit substitute property, up to the

20 value of the property described in the preceding paragraph if, as the

21 result of any act or omission of said defendant, the property

22 described in the preceding paragraph or any portion thereof (a)

23 cannot be located upon the exercise of due diligence; (b) has been

24 transferred, sold to, or deposited with a third party; (c) has been

25 placed beyond the jurisdiction of the court; (d) has been

26 substantially diminished in value; or (e) has been commingled with

27 other property that cannot be divided without difficulty.

28

                           FORFEITURE ALLEGATION THREE

                 [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts Ten through Eighteen of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

        (a)   All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

        (b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        39

FORFEITURE ALLEGATION FOUR

[18 U.S.C. §§ 934 and 924]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 934(a)(1) and 924(d), in the event of any defendant's conviction of the offense set forth in Count Nineteen of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation;

(b)   All right, title, and interest in any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation;

(c)   All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been

transferred, sold to, or deposited with a third party; (c) has been

placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with

other property that cannot be divided without difficulty.


                                      A TRUE BILL



                                      _____/s/_____
                                      Foreperson


E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes
Section

HAOXIAOHAN CAI
Assistant United States Attorney
General Crimes Section